ASHLEY ROGERS, SBN 286252
ARogers@gibsondunn.com
WESLEY SZE, SBN 306715
WSze@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301
Tel.: 650.849.5300

ELIZABETH K. MCCLOSKEY, SBN 268184
EMcCloskey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel.: 415.393.8200

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

DANIEL LERNER, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

APPLE INC., and DOES 1–10, inclusive

Defendants.

Case No. 2:26-cv-9676

**DEFENDANT APPLE INC.'S NOTICE OF REMOVAL**

[Removal from the Superior Court of the State of California, Los Angeles County, Case No. 26STCV23632]

*[Declaration of Wesley Sze, Exhibits A–E, and Proof of Service filed concurrently]*

**TO THE CLERK OF THE ABOVE-TITLED COURT, THE PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Apple Inc. hereby removes to the United States District Court for the Central District of California the state-court action captioned *Lerner v. Apple Inc.*, originally filed as Case No. 26STCV23632 in the Superior Court of California for the County of Los Angeles. As set forth below, the Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d). In support of removal, Apple states as follows:

## I. RELEVANT ALLEGATIONS AND FACTUAL BACKGROUND

1. Plaintiff alleges that Apple represented that Screen Time allows parents to schedule downtime, set app limits, and restrict content and usage, and that, beginning in or about 2025, certain apps and websites remained accessible on devices used by his son even when Screen Time displayed certain restrictions as active. Sze Decl., Ex. A ("Compl.") ¶¶ 3–4, 31–36. Plaintiff further alleges that he purchased iCloud services for his family, including additional storage, and continued to pay for those services even though they allegedly did not provide all advertised features. *Id.* ¶¶ 24, 45, 48. The Complaint asserts claims for "Violation of Unfair Competition Law" (Count I) and "Violation of the Consumer Legal Remedies Act" (Count II). *Id.* ¶¶ 63–84.

2. Plaintiff purports to bring his claims on behalf of himself and a putative class of "[a]ll persons within California who, purchased Apple iCloud services or devices within four years prior to the filing of the original Complaint through to the date of Class certification." *Id.* ¶ 50.

## II. TIMELINESS OF REMOVAL

3. On July 27, 2026, Plaintiff filed his Complaint in the Superior Court of the State of California for the County of Los Angeles, Case No. 26STCV23632.

4. The summons and Complaint were served on Apple on July 30, 2026. Sze Decl. ¶ 4.

5. This Notice of Removal is timely because it is filed within thirty days after "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

## III. GROUNDS FOR REMOVAL

6. Removal is proper under CAFA because at least one member of the putative class and Defendant are citizens of different states, there are at least 100 putative class members, and the combined value of alleged claims of all putative class members exceeds $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d), 1441, 1453.

7. To be clear, Apple denies any liability in this case, both as to Plaintiff's individual claims and as to the claims he seeks to pursue on behalf of the putative class. Apple also denies that Plaintiff and the putative class are entitled to any relief or damages. Apple expressly reserves all rights to oppose class certification, object to the scope of the putative class, and contest the merits of all claims asserted in the Complaint. Accordingly, *solely* for purposes of the jurisdictional requirements, Apple alleges that the proposed class contains more than 100 members and that the aggregate amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(5)(B), (6).

8. A "removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (internal quotation marks and citations omitted). Citizenship may likewise be alleged on information and belief. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

### A. There Is Minimal Diversity Between Apple and the Proposed Class

9. CAFA's minimal-diversity requirement is satisfied if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "To be a citizen of a state, a natural person must first be a citizen of the United States." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). State citizenship is then determined by domicile rather than residence: "A person's

domicile is her permanent home, where she resides with the intention to remain or to which she intends to return," and "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Ehrman*, 932 F.3d at 1227 (quoting *Kanter*, 265 F.3d at 857).

10. A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Apple is a California corporation with its principal place of business in California. Compl. ¶¶ 15, 19. As such, Apple is a citizen of California.

11. Plaintiff's Complaint seeks to bring claims on behalf of a putative class of "[a]ll persons within California who, purchased Apple iCloud services or devices within four years prior to the filing of the original Complaint through to the date of Class certification." Compl. ¶ 50. That geographic definition does not limit the proposed class to California citizens. Plaintiff also alleges that "the proposed Class consists of thousands of consumers nationwide." *Id.* ¶ 54.

12. Apple alleges, for purposes of removal and on information and belief, that at least one member of the putative class is a United States citizen domiciled in a state other than California. Even apart from Plaintiff's allegation concerning "consumers nationwide," the class definition turns on being "within California," rather than California citizenship, and does not exclude persons temporarily in California who remain domiciled elsewhere, including, for example, students, temporary workers, and visitors to California. Accordingly, CAFA's minimal-diversity requirement is satisfied under 28 U.S.C. § 1332(d)(2)(A).

13. CAFA's minimal-diversity requirement is also satisfied if "any member of a class of plaintiffs is a … citizen or subject of a foreign state and any defendant is a citizen of a State." 28 U.S.C. § 1332(d)(2)(B). Apple also alleges, for purposes of removal and on information and belief, that the putative class includes at least one person who is a citizen or subject of a foreign state. Plaintiff's putative class therefore also meets the minimal diversity requirement under 28 U.S.C. § 1332(d)(2)(B).

14. Because Apple is a citizen of California and Plaintiff proposes a putative class that includes at least one individual who is either a citizen of another State or a citizen or subject of a foreign state, CAFA's minimal-diversity requirement is met. *See* 28 U.S.C. §§ 1332(d)(2)(A)–(B).

**B. The Proposed Class Consists of More Than 100 Putative Class Members**

15. Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class contain at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

16. Plaintiff alleges that Class members "number in the hundreds, if not thousands," Compl. ¶ 51, and again alleges that "the Class includes hundreds, if not thousands, of members," *id.* ¶ 54.

17. Accordingly, while Apple denies that class treatment is permissible or appropriate, as alleged, the proposed class consists of more than 100 members.

**C. The Amount in Controversy Exceeds $5 Million**

18. CAFA requires that the amount in controversy in a class action exceed $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, a court must aggregate the claims of all individual putative class members. *See* 28 U.S.C. § 1332(d)(6).

19. The amount in controversy is "simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)). Accordingly, "a removing defendant need not present evidence of what its ultimate liability will be—in many cases, the defendant presumably expects that figure to be zero." *Id.* And the "'[a]mount at stake' does not mean likely or probable liability; rather, it refers to *possible* liability." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) (quoting *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020)) (emphasis in original).

20. In estimating the amount in controversy, a removing defendant is permitted to rely on a "chain of reasoning that includes assumptions." *Perez*, 131 F.4th at 808

(quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019)). Although those assumptions "cannot be pulled from thin air," they may be "founded on the allegations of the complaint" and need not necessarily be supported by evidence. *Id.* (internal citations omitted). The Court's task is simply to determine whether the defendant's "reasoning and underlying assumptions are reasonable." *Id.* (quoting *Jauregui*, 28 F.4th at 993).

21. Plaintiff alleges that, absent the challenged conduct, Plaintiff and putative class members "would not have purchased Apple iCloud services including larger storage plans, or would have paid less for them." Compl. ¶ 80. Plaintiff seeks restitution pursuant to California Business and Professions Code sections 17203 and 17535, "restoring to Plaintiffs and Class Members all monies acquired by means of Defendant's unlawful, unfair, and fraudulent practices." *Id.*, Prayer for Relief ¶ (d), at 15.

22. Plaintiff seeks that relief on behalf of a proposed class defined as "[a]ll persons within California who[] purchased Apple iCloud services or devices within four years prior to the filing of the original Complaint through to the date of Class certification." *Id.* ¶ 50. Accordingly, the proposed class includes persons within California who purchased paid iCloud services during that period.

23. Apple offers paid iCloud+ storage plans on a recurring monthly subscription basis. Throughout the four years preceding the filing of the Complaint, Apple's U.S. paid iCloud+ plans have included 50 GB for $0.99 per month, 200 GB for $2.99 per month, and 2 TB for $9.99 per month. In September 2023, Apple added 6 TB and 12 TB plans priced at $29.99 and $59.99 per month, respectively.

24. Although Apple denies that Plaintiff's claims have any merit and disputes that Plaintiff or any putative Class Member is entitled to any relief, Apple alleges, solely for purposes of removal and in light of Plaintiff's allegations concerning the relief sought, that the aggregate amount paid to Apple for paid iCloud services by members of the proposed class, as defined by Plaintiff, during the four years preceding the filing of

the Complaint exceeds $5 million. Apple does not concede that aggregate iCloud payments are an appropriate measure of damages, restitution, or any other relief.

25. Plaintiff alleges that he and Class Members "would not have purchased Apple iCloud services including larger storage plans, or would have paid less for them" absent the challenged conduct, and seeks restitution restoring to Plaintiff and Class Members "all monies" allegedly acquired through the challenged practices. Compl. ¶ 80; *id.*, Prayer for Relief ¶ (d), at 15. Taking Plaintiff's "would not have purchased" theory as pleaded for jurisdictional purposes, the aggregate payments identified above place more than $5 million in controversy.

26. Apple does not concede that the aggregate amount identified above—or any portion of it—is recoverable, that any Class Member was overcharged, that any iCloud purchase or subscription payment was caused by the challenged conduct, or that Plaintiff's claims otherwise have merit. The foregoing allegations are made solely for purposes of establishing jurisdiction. Accordingly, for purposes of the jurisdictional requirements only, the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.

## IV. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

27. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

a) This is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

b) At least one member of the proposed class is a citizen of a State different from Apple as required by § 1332(d)(2)(A), and/or a citizen or subject of a foreign state as required by § 1332(d)(2)(B);

c) Plaintiff alleges that the action involves a putative class of more than 100 persons as required by § 1332(d)(5)(B); and

d) The aggregate amount in controversy exceeds $5 million, exclusive of interest and costs as required by § 1332(d)(2).

28. Accordingly, this action is properly removable under 28 U.S.C. § 1453. Because this action is removed under CAFA, Apple's California citizenship does not bar removal. *See* 28 U.S.C. § 1453(b).

29. The United States District Court for the Central District of California is the federal judicial district in which the Superior Court of California for the County of Los Angeles sits. 28 U.S.C. § 84(c). This action was originally filed in the Superior Court of California for the County of Los Angeles, rendering venue in this federal judicial district proper. *See* 28 U.S.C. § 1441(a).

30. Removal to the Western Division of the Central District of California is proper because it is the Division within which the state action is pending. 28 U.S.C. § 84(c)(2).

31. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Apple in the state-court action are attached to the concurrently filed Sze Declaration as Exhibits A through D. A current copy of the state-court Register of Actions is attached as Exhibit E.

32. Upon filing this Notice, Apple will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk of the Superior Court of California for the County of Los Angeles, pursuant to 28 U.S.C. § 1446(d).

33. If any question arises as to propriety of removal to this Court, Apple requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

34. Apple reserves the right to amend or supplement this Notice.

Dated: August 28, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Ashley Rogers*

ASHLEY ROGERS, SBN 286252
ARogers@gibsondunn.com
WESLEY SZE, SBN 306715
WSze@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
310 University Avenue
Palo Alto, CA 94301
Tel.: 650.849.5300

ELIZABETH K. MCCLOSKEY, SBN 268184
EMcCloskey@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Tel.: 415.393.8200

*Attorneys for Defendant Apple Inc.*